This is an appeal from a decree of the Chancery Court of Jackson County establishing the priority of claims to $15,000 in interpleaded funds.
The facts in this case are not in dispute. On April 3, 1968, W. A. Construction Co. (W. A.) and Merchants and Marine Bank (Bank) executed a security agreement whereby the Bank agreed to lend W. A. amounts up to $75,000 to be secured under the terms of the agreement. The security interest granted the bank was described as follows:
 [A] security interest in all of Debtor's (check appropriate box or boxes)
Accounts — All accounts owned by Debtor or arising from performance of contract rights, or from sale of inventory covered by the Security Agreement, and all such property hereafter acquired by Debtor, and all returned or repossessed goods, including, but not limited to, the accounts described in Schedule A hereto, and in additional schedules, if any, from time to time delivered by Debtor to Bank.
A proper financing statement was filed and recorded with the Chancery Clerk of Jackson County on April 10, 1968 and with the Secretary of State on April 11, 1968.
On October 16, 1968, W. A. joined Ceafco, Inc., an Alabama corporation, in a joint venture for the performance of certain contracts at the Litton shipyard in Pascagoula. Thereafter, on July 31, 1969, W. A. and Ceafco jointly executed a promissory note in the amount of $90,000 payable to the Bank and executed an agreement[1] that the $90,000 loan to the joint venture would be secured under the terms of the security agreement originally executed between the Bank and W. A. After the agreement of July 31, 1969, an *Page 153 
additional financing statement was not filed by the Bank showing that it claimed or held a security interest in the accounts and contract rights of the joint venture under the terms of the original security agreement executed by W. A.[2]
On October 3, 1969, the Internal Revenue Service filed a tax lien against the joint venture in the amount of $122,780.97 for withholding and social security taxes which accrued during the first and second quarters of 1969 and for interest and penalties on such taxes.
On July 7, 1971, a Bill in the Nature of Interpleader was filed in the Chancery Court of Jackson County tendering $15,000 which had been recovered on behalf of the joint venture upon settlement of a suit for breach of contract against Hensen-Rotterdam N.V., and requesting that several competing claims to these funds be adjudicated by the court. In its order of distribution, the court held that the Bank's claim was fifth in priority while the claim of the United States was sixth. After a re-examination of the case upon the motion of the United States, the court entered a final order upholding the priority of the Bank's claim over that of the United States, and from that order the United States prosecutes this appeal.
The first question for resolution is whether the Bank had a security interest in the interpleaded funds of the joint venture, and, if so, was it perfected before the United States filed its tax lien against the joint venture?
Miss. Code Ann. § 75-9-204 (1972) provides that a security interest attaches when (1) the parties agree that the security interest should attach, (2) value is given by the secured party, and (3) the debtor has acquired rights in the collateral. The three conditions required by the above statute were met and the Bank's security interest in the accounts of the joint venture therefore attached.
The Bank contends that its security interest not only attached but was perfected because the joint venture parties elected to be bound by the original security agreement between the Bank and W. A. and a financing statement, listing W. A. as the debtor and the Bank as the secured party, was of record. We cannot agree. The purpose of a financing statement is to give potential creditors of a debtor actual notice of security interests in identified collateral of the debtor. The 1968 financing statement listed W. A. as the debtor, the Bank as the secured party, and the contract rights and accounts of W. A. as the collateral. The 1968 financing statement did not, however, reflect that both W. A. and Ceafco were joint venture debtors or that the Bank held a security interest in the accounts and contract rights of the joint venture. Therefore, the 1968 financing statement failed to give notice to a potential creditor of the joint venture that a security interest was in existence against the joint venture.
Under Miss. Code Ann. § 75-9-302(1) (1972) a financing statement must be filed to perfect a security interest. Miss. Code Ann. § 75-9-303(1) (1972) provides that a security interest is perfected ". . . when it has attached and when all the applicable steps required for perfection have been taken. . . ." As heretofore noted the Bank did not file a financing statement covering the July 31, 1969 agreement; therefore, its security interest was not perfected.
The final question is whether the tax lien of the United States or the security interest of the Bank prevails. 26 U.S.C.A. § 6323(a) and (h)(1) provide that the lien imposed by 26 U.S.C.A. § 6321 shall *Page 154 
not be valid against the holder of a security interest if ". . . the interest has become protected under local law against a subsequent judgment lien arising out of an unsecured obligation. . . ."
In the case of Sams v. Redevelopment Authority, 436 Pa. 524,261 A.2d 566 (1970) the Pennsylvania Supreme Court recognized that there is a split of authority on the question of priority of a duly filed tax lien and an unrecorded security instrument, but concluded that the failure of a secured party to file a financing statement pursuant to the Uniform Commercial Code deprives the security interest of priority over a federal tax lien.
In its opinion the court stated:
 We need not attempt to analyze those cases thoroughly here. In some thirty-five pages in his treatise, Security Interests in Personal Property, Professor Gilmore has treated in great detail the competition between federal tax liens and other claims, including private security interests. He has performed the Herculean task of examining the tortured involutions of the Supreme Court, and the often pathetic cries of the lower federal courts and the state courts which were forced to act in the face of Supreme Court cases which seemed to conflict with each other every year and which were often in the form of per curiam reversals. We need not repeat Professor Gilmore's work here. Suffice it to say that he concludes definitively at page 1068, that a security interest, to prevail, must be perfected under applicable state law. We agree with his reasoning and hold that, Lhormer's security interest not having been perfected, it is subordinate to the federal tax liens. (261 A.2d at 570). (Emphasis supplied).
We agree with the reasoning of the Pennsylvania Supreme Court and hold that since the Bank's security interest in the accounts of the joint venture was not perfected as required under the Mississippi version of the Uniform Commercial Code, it is subordinate to the federal tax lien.
We therefore reverse the order of the chancellor and remand the cause for distribution of the interpleaded funds in conformity with this opinion.
Reversed and remanded.
GILLESPIE, C.J., and PATTERSON, INZER and SMITH, JJ., concur.
[1] SCHEDULE A:
The undersigned does hereby certify that the proceeds of the note executed by the undersigned Debtor and made payable to the bank, of even date herewith, and which note represents a loan pursuant to and is entitled to the benefits of the Security Agreement dated April 2, 1968, executed by the undersigned in favor of bank. Under certain conditions stated in said Security Agreement, the entire principal of said note may become payable prior to the maturity date thereof.
 INVOICE ACCOUNT AMOUNTDATE NUMBER DEBTOR AMOUNT ADVANCED
7-31-69 19-SC-4286-2 Ralph M. Parsons Company 23-SC-4286-2 Ralph M. Parsons Company 27-SC-4286-2 Ralph M. Parsons Company 39-SC-4286-2 Ralph M. Parsons Company $140,000.00 $90,000.00
[2] The original security agreement was dated April 3, 1968; however, the validity of the agreement executed by the joint venture on July 31, 1969 which referred to a security agreement dated April 2, 1968 was not attacked because of the discrepancy in the dates and is not before the Court on this appeal.